UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BROWN,<br><br>                                 Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden, *et al.*,<br><br>                                Respondents. | Case No.: 19-CV-2021-CAB(WVG)<br><br>**REPORT AND RECOMMENDATION ON RESPONDENTS' MOTION TO DISMISS**<br><br>[Doc. No. 10.] |

      Petitioner Michael Brown filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss based on the running of the statute of limitations and lack of federal habeas jurisdiction. The matter is before the undersigned Magistrate Judge for preparation of a Report and Recommendation. For the reasons stated below, the Court RECOMMENDS that the motion to dismiss be GRANTED.

## I. BACKGROUND

      Petitioner is serving an indeterminate thirty years-to-life sentence for first degree murder. On November 1, 2016, while housed at Calipatria State Prison, Petitioner received a rules violation report ("RVR") for distribution of a controlled substance. This RVR was the result of the discovery of five bindles of Marijuana being smuggled into the prison by

1

two females who were there to visit Petitioner on March 10, 2013. For an unknown reason, however, Calipatria officials did not become aware of the forensic lab results confirming the bindles contained Marijuana until November 1, 2016. In any event, the RVR resulted in a custody credit loss of 180 days.

Petitioner filed an administrative appeal challenging the RVR and received a third level appeal decision on the merits on May 23, 2017. The appeal decision affirmed the findings of the rules violation hearing, except that the 180-day lost credits were reversed, and the charge was amended to conspiracy to introduce a controlled substance into a prison facility.

Petitioner then filed a second administrative appeal challenging the evidence collection process for the same RVR and received a third level appeal decision on the merits on July 18, 2017. This appeal decision affirmed the hearing's findings.

Petitioner challenged the RVR findings in state habeas petitions, which Respondents set forth in the following handy chart:

| Court/Case No. | Date Filed | Date Denied |
|---|---|---|
| Imperial County Superior Court, No. EHC000123 | Jan. 24, 2018 | Feb. 16, 2018 |
| California Court of Appeal, No. D073833 | April 17, 2018 | April 18, 2018 |
| California Supreme Court, No. S249562 | June 20, 2018 | Oct. 17, 2018 |

Petitioner signed and mailed the instant Petition on October 17, 2019, and it was filed on October 21, 2019 when the Clerk of Court received it. Respondents now move to dismiss the Petition on grounds that (1) there is no federal habeas jurisdiction and (2) it was untimely filed and time-barred. Petitioner's original opposition was due on June 5, 2020 (Doc. No. 6 ¶ 4), but the Court granted his motion (Doc. No. 12) for an extension of this deadline to July 10, 2020 (Doc. No. 13 ¶ 1). Despite the extension of time, Petitioner failed to file an opposition or seek another extension of the filing deadline.

///
///

## II. LEGAL STANDARD

The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1991). Accordingly, the Court will review the motion to dismiss pursuant to its authority under Rule 4, which allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

In ruling on a motion to dismiss, the Court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes . . . ." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

## III. DISCUSSION

### A.   The Petition is Time-Barred

There is no dispute that Petitioner exceeded the one-year statute of limitations for filing his petition for federal habeas relief. There is also no dispute that Petitioner is entitled to statutory tolling during the pendency of his state habeas petitions. Nonetheless, the Petition is untimely even with statutory tolling applied, and he is not entitled to equitable tolling or miscarriage of justice considerations. Accordingly, the untimely Petition should be dismissed.

#### 1.   The Petition is Facially Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d)(1). Section 2244's one-year limitations period also applies to habeas petitions filed by persons in "custody pursuant to the judgment of a State

court," where the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004).

For prisoners challenging administrative decisions such as the revocation of good time credits, the limitations period is not calculated pursuant to section 2244(d)(1)(A) but calculated pursuant to section 2244(d)(1)(D), which provides that the period begins to run on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. *Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012) ("[W]hen a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.'") (citing 28 U.S.C. § 2241(d)(1)(D)). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for . . . habeas claims [challenging administrative decisions]." *Id.*

Here, Petitioner received the most recent third-level appeal decision on the merits of his administrative challenge to the RVR on July 18, 2017. Thus, he discovered the predicate to his claims on or about that date. He constructively filed the Petition on October 17, 2019, the date he signed it and served it by mail. (Doc. No. 1 at 12-13; *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (noting that under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed).) Thus, without tolling, the Petition is plainly untimely, as 821 days passed between the date of the third-level appeal and the Petition's constructive filing. The Court now turns to whether statutory tolling principles render the Petition timely.

### 2. Statutory Tolling Does Not Save the Untimely Petition

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed,

but before a decision has been issued. *Nedds, v. Calderon*, 678 F.3d 777, 780-81 (9th Cir. 2012). However, the limitations period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999), overruled on other grounds by *Carey v. Saffold*, 536 U.S. 214, 225-27 (2002).

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). The filing of a federal habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Nor is there tolling between finality of a direct appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1006-07.

Here, Petitioner filed his initial state court petition in Imperial County Superior Court on January 24, 2018—190 days after the third-level appeal decision issued, which left 175 days remaining in the limitations period. The statute of limitations was then tolled until the denial of his California Supreme Court petition on October 17, 2018. However, Petitioner did not file the instant Petition until October 17, 2019, an additional 365 days after the Supreme Court's order denial. The two time periods during which the statute of limitations was running total 555 days. Accordingly, even with statutory tolling applied, the one-year statute of limitations period expired approximately six months before the Petition was filed.

Based on the foregoing, the plainly untimely Petition is not rendered timely by statutory tolling for periods during which state habeas petitions were pending. The Court now turns to whether Petitioner is entitled to equitable tolling of the limitations period.

### 3. Petitioner is Not Entitled to Equitable Tolling

In addition to the statutory tolling provided for by section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling is very high." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, Petitioner must show that some "external force" "stood in his way." *Waldron-Ramsey*, 556 F.3d at 1011. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Lakey v. Hickman*, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotations omitted). It is Petitioner's burden to demonstrate that he is entitled to equitable tolling. *Espinoza-Matthews v. People of the State of Cal.*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *see also Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir.2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling). To this end, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]" *Holland*, 560 U.S. at 652. Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)); *see also Holland v.*

*Florida*, 560 U.S. 631, 654 (2010) (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail."); *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) ("[W]hether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'") (citing *Holland*, 560 U.S. at 650).

Here, because Petitioner did not file an opposition to the pending motion to dismiss despite having two opportunities to do so, there is no indication that any external forces stood in his path to timely file the Petition. To the contrary, it appears the untimely filing may have been due to Petitioner's misunderstanding of when the limitations began to run given that it was filed exactly one year from the California Supreme Court's denial of his petition for review. *See* 28. U.S.C. § 2244(d)(1)(A) (providing that the limitation period begins to "run from the latest of" four specified dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Had the Petition involved a challenge to a court conviction rather than to the prison's administrative decisions, the California Supreme Court's denial would have triggered the running of the limitations period, and the Petition would have been timely. However, given that this case involves a challenge to a prison administrative decision, the period between the final decision and the filing of the first state habeas petition counted against the limitations period. *See Mardesich v. Cate*, 668 F.3d 1164, 1171-72 (9th Cir. 2012). Unfortunately, confusion and negligence are not bases for equitable tolling, which is a high standard to meet.

Additionally, it does not appear Petitioner had external forces preventing him from timely filing the Petition given how active he was in pursuing challenges to the RVR and subsequent litigation in state and federal courts. Indeed, he filed two administrative appeals and three state habeas petitions before filing the Petition. And even here in federal court, he was able to file a motion for extension of time to file an opposition to the pending motion

to dismiss. It accordingly does not appear there is any impediment to Petitioner's ability to pursue his claims.

Based on the foregoing, Petitioner is not entitled to equitable tolling to render timely his untimely Petition. The Court now turns to whether the Court should accept the untimely Petition in consideration of justice principles.

### 4.     Miscarriage of Justice Exception to Untimely Petitions

A federal court may hear the merits of untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013) (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims); *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc). By the traditional understanding of habeas corpus, a "miscarriage of justice" occurs whenever a conviction or sentence is secured in violation of a constitutional right. *See Smith v. Murray*, 477 U.S. 527, 543-44 (1986). However, in *Schlup v. Delo*, the Supreme Court limited the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In order to pass through the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Id.* at 314-15 (omission in original) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316. A petitioner must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Here, there clearly was no miscarriage of justice given that Petitioner was caught red-handed conspiring to introduce narcotics into a secure prison facility. Two of his

couriers were caught on their way to visit him, the narcotics were recovered, evidence was collected and analyzed, and Petitioner received a hearing. There is no evidence of actual innocence here. And although there was a three-year delay before the RVR issued, prison officials considered this factor when they reinstated the 180-day loss of good-time credits that had been assessed against him. Since there was no miscarriage of justice here, the Petition remains untimely.

### 5. Conclusion

Ultimately, the Petition is plainly untimely and is not subject to either statutory or equitable tolling principles. And because there is no apparent miscarriage of justice, the untimely Petition should be dismissed without leave to amend.

## B. Federal Habeas Jurisdiction is Lacking

Respondents also argue that Petitioner's claims are not cognizable on habeas review. The Court agrees given that success on the merits here would have no impact whatsoever on Petitioner's release date. Thus, the Petition is subject to dismissal without leave to amend for the additional reason that federal habeas jurisdiction is lacking.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (internal citation omitted). The district court's jurisdiction to provide relief depends on whether a given claim is presented in a habeas petition or a civil rights complaint.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his *sole* federal remedy is a writ of habeas corpus." *Id.* at 499 (emphasis added). A claim falls within the core of habeas corpus where "success in

that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added). Conversely, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

Challenges to disciplinary proceedings may or may not give rise to a habeas claim. For example, *Preiser* involved state prisoners who challenged the loss of good time credits as a result of disciplinary determinations. In that case, restoration of the forfeited credits would have resulted in the prisoners' "immediate release from physical custody." *Preiser*, 411 U.S. at 487. The Supreme Court held that because restoration of the credits would necessarily shorten the length of the prisoners' confinement in prison, their claims fell within the "core of habeas corpus." *Id.*

However, the loss of good-time credits does not automatically bring a case within the core of habeas corpus. In *Nettles*, a state prisoner serving an indeterminate life term with the possibility of parole filed a habeas petition challenging a disciplinary conviction that resulted in the loss of good time credits. *Nettles*, 830 F.3d at 925-27. The prisoner argued that if his RVR were expunged, he would be more likely to obtain an earlier, and favorable, parole hearing. *Id.* at 934. However, the Ninth Circuit concluded that the petitioner's claim did not fall within the core of habeas corpus because "[s]uccess on the merits of [his] claim would not *necessarily* lead to immediate or speedier release . . ." *Id.* at 934 (emphasis added). The Court explained that in determining a prisoner's suitability for parole, the parole board must consider "[a]ll relevant, reliable information" bearing on whether a prisoner constitutes a threat to public safety. *Id.* at 935 (quoting Cal. 15 Code Regs. § 2281(b)). A rules violation is merely one of the factors the board may consider, and "[b]ecause the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it,' the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id.* (internal citation omitted). Accordingly, because the parole board could deny parole even if the rules violation report were expunged, success on the claim would not *necessarily*

result in the petitioner's "immediate or earlier release." *Id.* at 935. As such, the Ninth Circuit determined that the petitioner's claim could be brought only under section 1983. *Id.*

Here, even if the Court were to find that Petitioner's claims have merit, success on the merits would not affect the duration of his confinement *at all*. Petitioner challenges the disciplinary proceeding that resulted in the loss of 180 days of good-time credits and seeks to vacate his conviction for conspiracy to introduce narcotics into a prison. However, since prison officials have already restored the 180-day good-time credit forfeiture, vacating the conviction would have no impact whatsoever on Petitioner's release date.

Additionally, Petitioner is currently serving an indeterminate sentence of 30 years-to-life with the possibility of parole, and he became eligible for parole consideration on December 26, 2014. (*See* Doc. No. 11-2 at 1 (listing "MEPD"); *Lifer Parole Process*, https://www.cdcr.ca.gov/bph/lifer-parole-process/ (identifying "MEPD" as the "minimum eligible parole date") (last visited August 13, 2020).) Thus, because his parole eligibility date has already passed, success on the merits here would not advance his eligibility date even if the 180-day credits had not been restored. *See generally Roberts v. Warden*, 2017 U.S. Dist. LEXIS 197388, at *10 (C.D. Cal. 2017) (stating that in California, "[c]redits earned by an inmate serving an indeterminate life sentence with the possibility of parole, . . . go toward advancing only the inmate's MEPD, i.e., the earliest date on which he could legally be released on parole.").

For the two independent reasons discussed above, this Court finds jurisdiction is lacking over the Petition.

### IV.   CONCLUSION

Based on the foregoing, this Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the Petition be DISMISSED without leave to amend.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that **no later October 30, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties **no later than November 20, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 13, 2020

Hon. William V. Gallo
United States Magistrate Judge